Victory Stratton
*Plaintiff in Pro Per*
7014 McGill Court
Elk Grove, CA 95758



**FILED**

SEP 1 9 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| VICTORY STRATTON,<br><br>    Plaintiff,<br><br>vs.<br><br>PHH MORTGAGE CORPORATION and DOES 1-10,<br><br>    Defendants. | Case No.:  2:25-cv-02004-DC-CSK |

**COMES NOW** Plaintiff VICTORY STRATTON (hereinafter referred to as "Plaintiff"), hereby files this Response in Opposition to Defendant PHH Mortgage Corporation's Motion to Dismiss (Doc. No. 6) (PHH Mortgage Corporation is hereinafter referred to as "Defendant"), and in support thereof states and affirmatively responds as follows:

Defendant brings forth its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the assertion that Plaintiff has "failed to state a claim upon which relief can be granted." In essence, Defendant argues that Plaintiff's claims are without merit on the grounds that securitization of mortgages is not illegal in California and thus are not actionable, that there have been no violations of RESPA or TILA, that Plaintiff's claims are time-barred, precluded by the claim preclusion doctrine, and that there has been no fraud in relation to the transaction. All

of these arguments are without merit and belied by the facts contained in the operative complaint. Specifically:

- Defendant is a for-profit mortgage servicing company, whom, upon information and belief, is licensed to conduct everyday business in California. At all times material, Defendant acted in its capacity as servicer of the underlying loan.

- Plaintiff is the owner of the subject property by Deed of Trust. *See Complaint, Exhibit "A."*

- On or about July 21, 2021, Plaintiff had a Forensic Chain of Title Securitization Analysis, Mortgage Audit Report, and Forensic Loan Analysis completed by a qualified expert in to verify the claims of this complaint. *See Complaint, Exhibit "B."*

- Plaintiff is the recorded owner of the subject property.

- At some point, Plaintiff's Note was sold to the Trust.

- There is no contemporaneous assignment of Plaintiff's Mortgage to the Trust as underlying security for Plaintiff's Note.

- Plaintiff's Note and Mortgage are irreparably separated.

- Any attempt to assign assets into a Trust after the Closing Date of the Trust is a violation of the terms of the Trust and is void as a matter of law.

- Upon information and belief, Plaintiff's Note and Deed of Trust are irreparably separated.

As adequately alleged in the operative Complaint, sufficient notice of the claims against Defendant have been proffered and Defendant uses that same old standardized argument in

support of dismissal. As has been seen nationwide, lenders and scrupulous individuals and entities within the mortgage-related industry have consistently hid behind Rule 12(b)(6) to rid themselves of any accountability. Here, Defendant has failed to meet its 12(b)(6) burden for dismissal.

A 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir.1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir.1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court **must**: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir.1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir.2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook,*

*Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the `grounds' of his `entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal.1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).

Defendant makes much of claim preclusion or collateral estoppel. However, Plaintiff's claims have never been "actually litigated" as required under applicable legal standard. See *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012); *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). Thus, claim preclusion is inapplicable here.

Here, construing the allegations in the operative Complaint most favorable to the Plaintiff, and accepting the factual allegations as true, again, something the Court must do, it is clear that cognizable claims against Defendant have been proffered. The issues in the operative Complaint go beyond just securitization. Securitization of mortgages has been occurring for many years, and the process in and of itself is not "illegal," per se. However, there are federal rules and regulations governing how securitization is to take place,

specific notice requirements to borrowers, and due process considerations when a lender or other entity attempt to foreclose and take possession of a piece of real property. Here, that is what being challenged by Plaintiff. Defendant has failed to demonstrate that it has the legal standing or authority to assert any interest in the subject property to the extent that it operated under applicable federal laws- RESPA and TILA in particular. Defendant has failed to convince this Court that Plaintiff's claims are without merit or not cognizable.

Conclusion.

Based on the foregoing, Plaintiff requests that this Honorable Court deny the Defendant's motion to dismiss in its entirety, require Defendant to file an answer or other responsive pleading to the Complaint, and/or grant Plaintiff leave to amend, and grant Plaintiff any other relief deemed just and proper.

Dated: September 18, 2025.

Respectfully submitted,

Victory Stratton
*Plaintiff in Pro Per*
7014 McGill Court
Elk Grove, CA 95758

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via US Mail to the parties listed below on this \_\_\_\_ day of September 2025.

Victory Stratton
*Plaintiff in Pro Per*

Service List:

MARY KATE SULLIVAN
ADAM N. BARASCH
STINSON LLP
595 Market Street, Suite 2600
San Francisco, California 94105
*Counsel for Defendant*