UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY STRATTON,<br><br>            Plaintiff,<br><br>       v.<br><br>PHH MORTGAGE CORPORATION, et al.,<br><br>            Defendants. | Case No. 2:25-cv-02040-DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS AS UNTIMELY<br><br>(ECF No. 6) |

Plaintiff Victory Stratton is proceeding in this action pro se.[1] Pending before the Court is Defendant PHH Mortgage Corporation's' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the October 21, 2025 hearing. 10/14/2025 Order (ECF No. 14).  For the reasons that follow, the Court recommends DENYING Defendant's motion to dismiss (ECF No. 6) as untimely.

## I.    BACKGROUND

Plaintiff initiated this action in Sacramento Superior Court on June 23, 2025. Compl. (ECF No. 1-1). On July 22, 2025, Defendant removed this action on the basis of federal question and diversity jurisdiction. Removal (ECF No. 1). Defendant did not file a

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

response to the Complaint in state court. *Id.* On September 5, 2025, Defendant filed the pending motion to dismiss. Def. Mot. (ECF No. 6). Plaintiff filed an opposition, and Defendant a reply. (ECF Nos. 9, 10.) Briefing is now closed.

## II.    DISCUSSION

Defendant seeks to dismiss Plaintiff's Complaint pursuant to Federal Rule Civil Procedure 12(b)(6) for failure to state a claim. Def. Mot. Defendant argues collateral estoppel bars the entire Complaint based on prior legal proceedings and that each of Plaintiff's causes of action fails to state a claim upon which relief can be granted. *Id*. at 4-14. In his opposition, Plaintiff argues, in part, that Defendant's motion is untimely pursuant to Federal Rule of Civil Procedure 81(c)(2). (ECF No. 9-1 at 1-2). Defendant argues the motion is timely because Plaintiff was required to "complete service of process on all Defendants named in the complaint within 90 days from the date of [the initial scheduling] order," and that because Plaintiff never complied, the time to respond has not commenced. ECF No. 10 at 3 n. 1. In addition, Defendant argues that even if Plaintiff's "assertions are correct, Plaintiff never sought PHH's default" and so its motion is timely. *Id.* Defendant is incorrect.

Defendant's motion to dismiss is untimely. Federal Rule of Civil Procedure 81 states that for actions removed from state court, a defendant who did not answer before removal must answer or present other defenses within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed. Fed. R. Civ. P. 81(c)(2). Here, Defendant did not answer the Complaint before removal. *See* Removal. As such, Defendant was required to follow Rule 81(c)(2). Because the longest of the three periods identified in Rule 81(c)(2) is seven days after the notice of removal was filed, Defendant was required to submit its response to the Complaint by July 29, 2025. Instead, Defendant filed its motion to dismiss over a month later on September 5, 2025. *See* Def. Mot. This is well beyond any of the time periods allowed by

Rule 81(c). Defendant's argument regarding default also fails. There was no reason for Plaintiff to move for default when Defendant had appeared and removed the action to federal court. Defendant failed to comply with Rule 81 or request additional time to respond. *See* Fed. R. Civ. P. 6(b)(2); E.D. Cal. Local Rule 144.

Accordingly, the Court recommends Defendant's motion to dismiss be denied as untimely. Defendant should be directed to file an Answer to the Complaint within fourteen days from any order adopting these findings and recommendations. This does not preclude Defendant from raising the same issues in an early motion for summary judgment.

### III.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.    Defendant's motion to dismiss (ECF No. 6) be DENIED as untimely; and

2.    Defendant be ordered to file an Answer to the Complaint within 14 days from any order adopting these findings and recommendations to file an Answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, stra2040.25

3